UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARITY FAIRRES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-21-1019-J |
| | ) |
| ABOUTANAA ELHABTE, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Petitioner, a state prisoner appearing pro se, filed a Petition pursuant to 28 U.S.C. § 2254 seeking habeas relief from a state court conviction (Pet.) [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Amanda Maxfield Green consistent with 28 U.S.C. § 626(b)(1)(B), (C). Respondent filed a motion to dismiss [Doc. No. 12], to which Petitioner responded (Pet.'s Resp.) [Doc. No. 14], and on review, Judge Green issued a Report and Recommendation recommending that the Petition be dismissed as untimely (Rep. & Rec.) [Doc. No. 15]. Petitioner has objected to some findings and not others (Petr.'s Obj.) [Doc. No. 16]. Accordingly, the Court applies de novo review to those findings on which Petitioner specifically objected but reviews the "non-objected to portions of the Recommendation only to confirm that there is 'no clear error on the face of the record.'" *Gauthier v. Hunt*, No. CIV-20-1153-J, 2021 WL 1886297, at *2 (W.D. Okla. May 11, 2021) (cleaned up, citation omitted)).

**I.    Background**

In June 1995, in the District Court of Okfuskee County, Petitioner was sentenced to life without parole and two ten-year sentences for first degree murder, first degree burglary, and conspiracy to commit murder. *See* Pet. at 1. The Oklahoma Court of Criminal Appeals (OCCA) affirmed the convictions in June 1996. Since that time, Petitioner has filed a series of motions

attempting to overturn her convictions and/or challenging her sentences. On October 14, 2021, Petitioner filed the instant habeas Petition arguing that (1) the State of Oklahoma lacked jurisdiction to convict Petitioner because she is an Indian and the crimes were committed on Indian land and (2) the OCCA erred in finding that *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) is not retroactive. *See* Pet. at 3-5.

## II.     The Report and Recommendation Findings

On review, Judge Green found that under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations period exists for § 2254 petitions and that Petitioner's claims were untimely under either 28 U.S.C. § 2244(d)(1)(A) or (C). *See* Rep. & Rec. at 7-10. In relevant part, that statute provides that the limitations period begins running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> [or]
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2244(d)(1)(A), (C).

Beginning with § 2244(d)(1)(A), Judge Green concluded that absent statutory or equitable tolling, Petitioner's one-year filing period expired on September 17, 1997, and that (1) her relevant state court filings were not filed within that one-year time frame and did not support statutory tolling, and (2) she had not articulated any grounds for equitable tolling. *See* Rep. & Rec. at 7-8, 11-13.

Turning to § 2244(d)(1)(C), Judge Green found that the *McGirt* decision has not been made retroactive and thus does not trigger this provision or otherwise extend the limitations period. *See id.* at 10-11.

### III.  Petitioner's Objections

Liberally construed, Petitioner claims that (1) the *McGirt* jurisdictional issue is not subject to waiver, (2) the OCCA has erred in finding that *McGirt* is not retroactive, and (3) Petitioner could not have raised the *McGirt* issue before the decision was published.

#### A.  Waiver

Petitioner argues that a jurisdictional issue cannot be waived. *See* Pet.'s Obj. at 2. But Judge Green did not find that Petitioner's claims were waived; instead, she found them to be time-barred. And, this Court has "reject[ed] any contention that a § 2254 petition raising a jurisdictional claim is exempt from the applicable limitations period." *Willis v. Crow*, No. CIV-22-92-J, 2022 WL 576559, at *2 (W.D. Okla. Feb. 25, 2022); *Shields v. Crow*, No. CIV-21-1003-D, 2022 WL 291622, at *1 (W.D. Okla. Jan. 31, 2022); *see also Mathews v. Elhabte*, No. CIV-21-1023-R, 2022 WL 363357, at *1 (W.D. Okla. Feb. 7, 2022) (dismissing petitioner's jurisdictional *McGirt* challenge as untimely).

#### B.  *McGirt's* Non-Retroactivity

Petitioner's other two objections are intertwined. That is, she argues both that the OCCA erred in ruling that *McGirt* is not retroactive and claims she could not have raised the *McGirt* argument before the case had been decided. *See* Pet.'s Obj. at 2-3.

Petitioner's argument first fails because regardless of retroactivity, "the *McGirt* decision did not recognize a new constitutional right" and so "Petitioner cannot rely on § 2244(d)(1)(C) as

the triggering date for the statute of limitations." *Davis v. Nunn*, No. CIV-21-1028-SLP, 2022 WL 1618534, at *1 (W.D. Okla. May 23, 2022).

Additionally, a case may only be applied retroactively if the Supreme Court expressly holds so. *See* § 2244(d)(1)(C) (holding the one-year limitation begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). As the Supreme Court has not done so, Petitioner's first objection is meritless. *See Mathews*, 2022 WL 363357, at *1 ("'the Supreme Court has not held that *McGirt* is retroactive,' and 'the only way the Supreme Court could make a rule retroactively applicable is through a holding to that effect'" (citation omitted)); *Glaze v. Nunn*, No. CIV-21-1204-D, 2022 WL 263203, at *3 (W.D. Okla. Jan. 4, 2022) ("Although [petitioner] states the Oklahoma courts had no jurisdiction over him or his crimes, *McGirt* did not recognize a new rule of constitutional law made retroactive to cases on collateral review that was previously unavailable."), *adopted*, 2022 WL 256333 (W.D. Okla. Jan. 26, 2022).

Finally, while Petitioner may have faced an "uphill battle" arguing that the State of Oklahoma lacked jurisdiction over her crimes (because she was an Indian and the crimes were committed in Indian country) before the *McGirt* ruling, she at least "had the *opportunity* to take this path." *Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. 2018).[1] Accordingly, the Court

---

[1] In *Lewis*, the question was whether the savings clause applied to petitioner's successive habeas claims. The petitioner alleged that the relevant Supreme Court ruling in *Mathis v. United States*, 579 U.S. 500 (2016) was unavailable at the time he filed his first petition, because "the only way Lewis could've prevailed under § 2255 is if he anticipated *Mathis*, argued it in the face of conflicting Fifth Circuit precedent, secured a writ of certiorari or en banc review, and convinced the Supreme Court or en banc Fifth Circuit that his position was correct." *Lewis*, 736 F. App'x at 752. In response, the Tenth Circuit held: "We don't doubt that this would have been an uphill battle; but Lewis at least had the *opportunity* to take this path." *Id.*

finds no merit in Petitioner's argument that she could not have raised the *McGirt* issue before her statute of limitations expired.  *See Willis*, 2022 WL 576559, at *2 (rejecting an identical claim).

### IV. Conclusion

Petitioner did not object to Judge Green's § 2244(d)(1)(A) analysis and, finding no clear error, the Court ADOPTS Judge Green's recommendation that under § 2244(d)(1)(A), Petitioner's statute of limitations expired on September 17, 1997.  Further, after having carefully reviewed the Petition, Report and Recommendation, and Petitioner's objections de novo, the Court agrees with Judge Green's *McGirt* analysis and her conclusion that it does not prevent application of the AEDPA's statute of limitations in this case.  Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 15], GRANTS Respondent's motion to dismiss [Doc. No. 12], and DISMISSES Petitioner's Petition [Doc. No. 1] WITH PREJUDICE.  Finally, a certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 22nd day of August, 2022.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE